**EX PARTE Miguel ARANGO**

**Miguel Arango, Appellant**

v.

**The State of Texas, Appellee**

**NO. 01–16–00607–CR, NO.
01–16–00630–CR**

Court of Appeals of Texas,
Houston (1st Dist.).

April 18, 2017

Rehearing Overruled June 13, 2017

Norman J. Silverman, Houston, TX, for Appellant.

Kim Ogg, District Attorney–Harris County, Jessica Caird, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices Massengale, Brown, and Huddle.

## OPINION

Rebeca Huddle, Justice

When Miguel Arango was 16, a juvenile court concluded that because of the seriousness of the offense with which he was charged—aggravated robbery with a deadly weapon—the welfare of the community required criminal proceedings. The juvenile court therefore transferred the case to criminal district court, for him to be tried as an adult.

Nine years later, Arango, still having not been tried, filed a pretrial habeas application in the criminal district court, contending that the juvenile court's transfer was deficient under *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), and therefore failed to vest the criminal district court with jurisdiction. The trial court denied habeas relief.

Arango appeals, contending that the trial court erred in denying pretrial habeas relief, because, if he were to be tried and convicted, the deficient transfer order will inevitably be vacated by an appellate court, making an intervening trial a needless waste of judicial resources. We agree that the juvenile court's transfer order does not pass muster under *Moon*, and that denying habeas relief and proceeding to trial on the basis of an invalid transfer order that failed to vest jurisdiction in the district court would be a waste of judicial resources. We therefore reverse the trial court's order denying habeas relief and render judgment granting the writ of ha-

beas corpus and dismissing the indictment filed in the district court in cause number 1133642. We remand the case to the juvenile court for further proceedings consistent with this opinion.

## Background

After being transferred from the juvenile court to criminal district court to be tried as an adult, Arango was indicted for aggravated robbery with a deadly weapon in October 2007.[1] Nearly nine years later, in June 2016, Arango filed a pretrial application for writ of habeas corpus under article 11.08 of the Texas Code of Criminal Procedure, challenging the jurisdiction of the criminal district court.[2] Arango contended that the juvenile court's order waiving jurisdiction and transferring the case to the criminal district court was identical to the order in *Moon* and deficient for the same reasons. Specifically, Arango argued that the juvenile court concluded that the welfare of the community required criminal proceedings based solely on the seriousness of his offense, but failed to make sufficient case-specific findings about the offense to support that conclusion. Arango argued that any conviction obtained in the district court would be vacated based on *Moon* and, rather than proceed with a trial that could eventually be deemed a nullity, the trial court should

find the juvenile court's transfer order invalid and dismiss the indictment.

The State responded that the criminal district court could not conclude that Arango's transfer order was invalid in the absence of a record of the juvenile court's transfer hearing. The State also argued that Arango's claim was not cognizable on a pretrial habeas application because he could challenge the validity of the transfer order after final conviction and therefore had an adequate appellate remedy.

The criminal district court denied habeas relief, seemingly on the basis that the legislature did not afford Arango a right to an interlocutory appeal of the juvenile court's transfer order.[3] Arango appealed.

## Discussion

Arango contends that the criminal district court erred in denying habeas relief because the juvenile court's transfer order is facially deficient under *Moon*, and the district court therefore lacks jurisdiction to try him. Arango argues that habeas relief is appropriate because requiring him to stand trial before obtaining appellate review of the transfer order would constitute a significant waste of judicial resources. We consider the juvenile court's transfer order in light of *Moon* before addressing whether habeas relief is available under the present circumstances.

1. This case was assigned cause number 1133642.

2. Arango's 2016 application for habeas relief was assigned cause number 1515189; the record does not explain the lack of activity in Arango's case between between October 2007 and June 2016.

3. Before January 1, 1996, the Juvenile Justice Code provided for an interlocutory appeal from a juvenile court's transfer order. *Moon v. State*, 451 S.W.3d 28, 39 (Tex. Crim. App. 2014). However, in 1995, the Legislature amended the Juvenile Justice Code, striking the provision that permitted interlocutory appeal of a transfer order, and revising the Code to provide that a person could appeal a transfer order only in conjunction with the appeal of a conviction of the offense for which the defendant was transferred to criminal court. *Id.* In 2015, the Legislature again amended the Juvenile Justice Code to reintroduce interlocutory appeal from a juvenile court's transfer order for orders issued on or after September 1, 2015. *See* Act of May 12, 2015, 84th Leg., R.S., ch. 74, § 3, 2015 Tex. Gen. Laws 1065, 1065. Arango's transfer order was entered after January 1, 1996, but before September 1, 2015.

### A. Did the juvenile court's transfer order vest jurisdiction in the district court?

#### 1. Applicable Law

■ Any person accused of committing a felony offense between his tenth and seventeenth birthdays is subject to the exclusive original jurisdiction of a juvenile court. *Moon*, 451 S.W.3d at 37. This means that the juvenile court has the power to hear and decide matters pertaining to the juvenile offender's case before any other court, including the criminal district court, can review them. *Id.* at 37–38.

■ But the right of a juvenile offender to remain outside the jurisdiction of the criminal district court is not absolute. Section 54.02 of the Juvenile Justice Code permits juvenile courts, under certain conditions, to waive their exclusive original jurisdiction and transfer the child to the appropriate district court for criminal proceedings. *See* TEX. FAM. CODE § 54.02(a).

■ To waive jurisdiction and transfer a child to the criminal district court under section 54.02(a), a juvenile court must find: (1) the child was 14 years old or older at the time of the alleged offense; (2) there is probable cause to believe the child committed the offense; and (3) because of the seriousness of the alleged offense or the background of the child (or both), "the welfare of the community requires criminal proceedings." *Id.* In deciding whether the welfare of the community requires criminal proceedings, the juvenile court must consider four non-exclusive factors:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against people;

(2) the sophistication and maturity of the child;

(3) the record and previous history of the child; and

(4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id.* § 54.02(f). While the transfer order must show that the juvenile court took the section 54.02(f) factors into account, findings of fact regarding these four factors are not necessarily required. *Moon*, 451 S.W.3d at 41–42 ("[T]he order should ... expressly recite that the juvenile court actually took the Section 54.02(f) factors into account in making this [waiver] determination, [b]ut it need make no particular findings of fact with respect to those factors[.]").

■ But findings of fact supporting the juvenile court's ultimate reasons for waiving its jurisdiction and ordering a transfer to district court *are* required and must be set forth in the transfer order. The Juvenile Justice Code expressly requires this: "If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court[.]" *See* TEX. FAM. CODE § 54.02(h); *Moon*, 451 S.W.3d at 38. Put differently, the transfer order must specify which facts the juvenile court relied upon in making its decision that because of the seriousness of the offense or the background of the child (or both), the welfare of the community requires criminal proceedings. *See Moon*, 451 S.W.3d at 47, 50 (statute requires that juvenile court order "state specifically" findings regarding reasons for waiver).

The Court of Criminal Appeals has held that a waiver of juvenile jurisdiction based solely on the seriousness of the offense (and not the background of the child), and supported only by a finding that the of-

fense was against a person, is invalid and an abuse of discretion. *Moon*, 451 S.W.3d at 50. In *Moon*, the juvenile court found that because of the seriousness of the offense—murder—the welfare of the community required criminal proceedings. Significantly, it did not find that criminal proceedings were required because of Moon's background. *Moon*, 451 S.W.3d at 50–51; *see* Tex. Fam. Code § 54.02(a) (juvenile court may find transfer warranted by seriousness of offense, background of child, or both). The Court of Criminal Appeals held that a finding that the welfare of the community required criminal proceedings that is based solely on the seriousness of the offense must be supported by express case-specific findings about the offense that were lacking in Moon's transfer order. *Moon*, 451 S.W.3d at 50–51.

The juvenile court's order in *Moon* expressly stated that the court had considered the four section 54.02(f) factors. *Id.* at 33. It also included several express findings pertaining to those factors:

- The offense was against a person;
- Moon was sufficiently sophisticated and mature to have intelligently, knowingly and voluntarily waived all constitutional rights heretofore waived and to aid in his defense and be responsible for his conduct; and
- That there was little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of Moon by use of procedures, services, and facilities currently available to the Juvenile Court.

*See id.*; Tex. Fam. Code Ann. § 54.02(f). But the Court of Criminal Appeals concluded that only the first of these was a case-specific finding about the offense, and the rest were "superfluous" because they were not case-specific findings about the offense and the juvenile court had not relied on Moon's background as a basis for

waiver. *See id.* at 50–51. The Court concluded that a finding that an offense was against the person of another, without any other findings about the specifics of the offense, is insufficient to support a transfer based solely on the seriousness of the offense. *See id.* at 50. Accordingly, the Court held that the juvenile court abused its discretion in transferring the case, and the criminal district court lacked jurisdiction. *See id.*

### 2. Analysis

■ The juvenile court's order waiving jurisdiction in this case suffers from the same flaw as the order in *Moon*. Indeed, the juvenile court's findings are substantively identical to the findings made by the juvenile court in *Moon*:

- Arango is of sufficient sophistication and maturity to have validly waived any rights previously waived, to aid in the preparation of his defense, and to be responsible for his conduct;
- The offense was committed against the person of another; and
- There is little, if any prospect of adequate protection of the public and likelihood of reasonable rehabilitation of Arango in the juvenile system.

*See Moon*, 451 S.W.3d at 33. Only one of the juvenile court's findings—that the offense was committed against the person of another—is a case-specific finding about the offense. *See Moon*, 451 S.W.3d at 48; *see also* Tex. Fam. Code § 54.02(f). Because the remaining findings are not case-specific findings about the offense, under *Moon*, they are "superfluous" and do not support the juvenile court's articulated basis for the transfer. *See Moon*, 451 S.W.3d at 48, 51 (only findings pertaining to specifics of offense supported conclusion that seriousness of offense warranted criminal proceedings). Because the juvenile court's transfer is not supported by the lone find-

ing that the offense was committed against the person of another, the order is invalid under *Moon* and failed to vest jurisdiction in the district court. *Id.* at 50 (waiver of juvenile jurisdiction based solely on seriousness of offense, "fortified only by [finding that offense was against person of another], constitutes an abuse of discretion" and failed to vest jurisdiction in district court); *see Yado v. State*, No. 01-14-00578-CR, 2015 WL 3982045, at *2 (Tex. App.–Houston [1st Dist.] June 30, 2015, no pet.) (mem. op., not designated for publication) (trial court abused discretion by waiving jurisdiction based solely on seriousness-of-the-offense reason when only finding regarding specifics of offense was that it was against person of another); *Guerrero v. State*, 471 S.W.3d 1, at *4 (Tex. App.–Houston [14th Dist.] 2014, no pet.) (same); *see also In re S.G.R.*, 496 S.W.3d 235, 240 (Tex. App.–Houston [1st Dist.] 2016, no pet.) ("If the juvenile court simply had concluded that the offense was against a person and made no additional findings," waiver of jurisdiction based upon seriousness of offense would have been an abuse of discretion).

■ The State contends that the trial court correctly denied habeas relief because a court cannot assess whether the juvenile court abused its discretion in transferring the case in the absence of a record of the transfer hearing. In particular, the State reasons that, without a record of the transfer hearing, it is impossible to conduct the traditional sufficiency review as *Moon* instructs. *See Moon*, 451 S.W.3d at 47 (reviewing court should first review juvenile court's findings of fact regarding the section 52.04(f) factors under traditional sufficiency of the evidence review). But the State's reasoning ignores one of *Moon's* key principles, which is that an "appellate court must limit its sufficiency review to the facts that the juvenile court expressly relied upon, as required to

be explicitly set out in the juvenile transfer order[.]" *Moon*, 451 S.W.3d at 50.

Under *Moon*, because the juvenile court cited only the seriousness of the alleged offense as a reason for Arango's transfer in its written order, its findings regarding (1) Arango's sophistication and maturity and (2) the prospects for protecting the public and rehabilitating Arango are superfluous. *Id.* at 50–51. Thus, the only remaining reason specifically stated on the face of the transfer order to justify waiver is that the offense alleged is a serious one, and the only fact specified in the order in support of this reason is that the offense Arango is alleged to have committed was against the person of another. *Moon* expressly held that a waiver of juvenile jurisdiction based on this particular reason, fortified only by this fact, constitutes an abuse of discretion. *Id.* at 50. Thus, even assuming that all of the juvenile court's findings are supported by sufficient evidence, *Moon* dictates that the juvenile court's lone non-superfluous finding—that the aggravated robbery Arango is alleged to have committed was an offense against a person—is insufficient to support the transfer. *Id.* This conclusion is buttressed by two recent cases from the Austin and Tyler courts of appeals reversing transfer orders for their facial invalidity, without regard to the whether the record contained evidence sufficient to support the transfer. *See In re J.G.S.*, No. 03-16-00556-CV, 2017 WL 672460, at *3–5 (Tex. App.–Austin, February 17, 2017, no pet. h.) (mem. op.) (vacating transfer order without reaching evidentiary sufficiency challenge, even though record included evidence regarding specifics of offense and juvenile's background, because transfer order was devoid of case-specific findings supporting statutory criteria for transfer); *In re R.X.W.*, No. 12-16-00197-CV, 2016 WL 6996592, at *3 & n.1 (Tex. App–Tyler,

November 30, 2016, no pet.) (mem. op.) (reversing transfer order for lack of case-specific facts supporting stated reason for waiving jurisdiction, and declining to address whether findings were supported by sufficient evidence on the basis that the juvenile court's "transfer order is deficient even if the findings were supported by legally and factually sufficient evidence.").

Because *Moon* requires reversal irrespective of whether the evidence was sufficient to support the transfer, we decline the State's invitation to deny habeas relief on the basis that the appellate record does not include a record of the transfer hearing. We, instead, go on to consider whether habeas relief is available to Arango.

## B. Is pretrial habeas relief available to Arango?

### 1. Applicable Law and Standard of Review

■■■■ The writ of habeas corpus is an extraordinary writ. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). The purpose of a pretrial writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint. *See Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal. *Weise*, 55 S.W.3d at 619. Nevertheless, the Court of Criminal Appeals has identified a number of situations in which an issue is cognizable on pretrial habeas because the appellate remedy would be inadequate. *See id.* at 619–20.

■■■■ "A claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release." *Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.–Houston [14th Dist.] 2015, pet. ref'd) (citing *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006)). The overarching principle when determining whether a claim is cognizable on pretrial habeas is that pretrial habeas relief is available in situations in which "the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *See Weise*, 55 S.W.3d at 619. Thus, pretrial habeas relief may be proper if "the alleged defect would bring into question the trial court's power to proceed." *Id.* In *Ex parte Smith*, 178 S.W.3d 797 (Tex. Crim. App. 2005), the Court of Criminal Appeals identified three examples of circumstances in which pretrial habeas relief might be warranted. First, pretrial habeas relief might be warranted when the accused challenges the State's power to restrain him at all. *Id.* at 801. Second, pretrial habeas relief might be warranted when the accused challenges the manner of his pretrial restraint, i.e., the denial of bail or conditions attached to bail. *Id.* Third, pretrial habeas relief might be warranted when the accused raises certain issues which, if meritorious, would bar prosecution or conviction. *See id.* (defendant may use pretrial writ of habeas corpus to challenge trial court's jurisdiction if indictment shows prosecution is barred by statute of limitations). Another example of a claim cognizable on a pretrial writ of habeas corpus is a claim that a statute is unconstitutional on its face, because the invalidity of the statute would render the charging instrument void. *See Weise*, 55 S.W.3d at 620.

■■■■ We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.

2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.–Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

### 2. Analysis

■ Arango contends that habeas relief is available because the transfer order is invalid under *Moon* and, if he is tried and convicted, an appellate court will ultimately reverse the juvenile court's transfer. Accordingly, Arango argues, any intervening trial will be a waste of judicial resources and interlocutory review would promote judicial economy. The State responds that Arango's claim is not cognizable on pretrial habeas.

We conclude that Arango's claim is one that is cognizable on pretrial habeas. The Court of Criminal Appeals has recognized that one of the proper uses of pretrial habeas relief is where "the conservation of judicial resources would be better served by interlocutory review." *Weise*, 55 S.W.3d at 619. For example, in *Ex parte Dickerson*, 549 S.W.2d 202 (Tex. Crim. App. 1977), the face of the indictment alleged that the offense occurred more than five years previously, but the statute of limitations on the offense was five years, and nothing in the indictment showed that limitations had been tolled. *Id.* at 203. Thus, although typically pretrial habeas relief is not available to test the sufficiency of the indictment, the Court of Criminal Appeals concluded that habeas relief should be granted because the defect on the face of the indictment showed that the criminal district court lacked jurisdiction and a trial would be a waste of time and judicial resources. *See id.* at 203–04; *see Smith*, 178 S.W.3d at 802 (citing *Dickerson* as an example of situation in which habeas relief should be granted because "[t]here is no

point in wasting scarce judicial and societal resources or putting the defendant to great expense, inconvenience, and anxiety if the ultimate result is never in question").

This case is similar to *Dickerson*. The face of the juvenile transfer order shows that the criminal district court lacks jurisdiction under *Moon*. Even though Arango, if convicted, would eventually be able to obtain reversal of the transfer order on direct appeal after trial, it would result in a waste of judicial resources at the criminal district court level to decline to grant habeas relief under these circumstances. *See Dickerson*, 549 S.W.2d at 203–04; *see also Weise*, 55 S.W.3d at 619; *Smith*, 178 S.W.3d at 802. Moreover, resolving Arango's claim in his favor would deprive the criminal district court of its power to proceed or restrain him. *See Flores*, 483 S.W.3d at 638. Because the conservation of judicial resources would be better served by interlocutory review of Arango's claim and resolution of the claim in his favor would deprive the criminal district court of the power to proceed and result in his immediate release by the criminal district court, it is cognizable on pretrial habeas. *See Weise*, 55 S.W.3d at 619; *Flores*, 483 S.W.3d at 638.

Nevertheless, the State argues that even if the juvenile court's transfer order is deficient, Arango's claim is not cognizable on a pretrial writ of habeas corpus for three reasons.

First, the State argues that Arango has an adequate post-conviction remedy because Arango may complain about any deficiencies in the transfer order by direct appeal after conviction in the criminal district court. But under *Moon*, the criminal district court lacks jurisdiction to try Arango and accordingly, *Moon* would require any conviction to be vacated, the criminal district court case to be dismissed, and Arango to be returned to the juvenile

court. This would be a poor use of scarce judicial and societal resources. *Smith*, 178 S.W.3d at 802 ("There is no point in wasting scarce judicial and societal resources or putting [Arango] to great expense, inconvenience, and anxiety [since] the ultimate result is not in question.").

Second, the State argues that granting Arango a writ of habeas corpus would not resolve or eliminate the prosecution, but rather, would simply return him to the juvenile court for a transfer hearing under section 54.02(j) of the Juvenile Justice Code now that he is over the age of 18. Thus, the State acknowledges that granting the writ would result in dismissal of the criminal district court case, but argues that because the case would remain pending in the juvenile court, the prosecution will not be "resolved" or "eliminated." *Cf. Ex parte Driver*, No. 01-14-00375-CR, 2014 WL 6602529, at *2 (Tex. App.–Houston [1st Dist.] Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication) (habeas relief properly denied where applicant's challenge to indictment, even if successful, would not bar his prosecution through new indictment). Although Arango could be returned to the criminal district court if the juvenile court were to conclude that the State met its burden to transfer him under section 54.02(j), Arango would not be subject to criminal prosecution unless and until, and only if, that happened. Without such a transfer, Arango could not be criminally prosecuted. Accordingly, granting the writ would result in dismissal of the pending indictment and would bar prosecution through a new indictment unless, and only if, the State met its burden to obtain a new transfer. *Cf. Driver*, 2014 WL 6602529, at *2. Accordingly, this is not a basis for denying pretrial habeas relief.

Finally, the State contends that even if the juvenile court's order is deficient and Arango's claim is cognizable on a pretrial writ of habeas corpus, the criminal district court did not abuse its discretion by denying habeas relief because the Juvenile Justice Code prohibits a criminal court from remanding a juvenile after the juvenile court has waived jurisdiction. Section 54.02(i) of the Juvenile Justice Code states, "A waiver under this section is a waiver of jurisdiction over the child and the criminal court may not remand the child to the jurisdiction of the juvenile court." TEX. FAM. CODE § 54.02(i). However, whether the criminal district court has jurisdiction to hear a case, and whether the criminal district court has the power to remand a case to the juvenile court, are two separate issues. *See, e.g., State v. Rhinehart*, 333 S.W.3d 154, 165 n.3 (Tex. Crim. App. 2011) (Price, J., dissenting) ("[T]hough it may not have been authorized to remand the appellee to the jurisdiction of the juvenile court [under 54.02(i) ], the trial court had the authority to determine its *own* jurisdiction . . . .") (emphasis in original). Moreover, when a juvenile court's transfer order is determined to be invalid, the *Moon* court concluded that the result is that the case "remains 'pending' in the juvenile court.'" *Moon*, 451 S.W.3d at 52 n.90 (quoting *Moon v. State*, 410 S.W.3d 366, 378 (Tex. App.–Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28). In other words, had the criminal district court concluded that the juvenile court's transfer order was invalid, granted Arango habeas relief, and dismissed the criminal district court case as a result, it would not need to remand Arango to the juvenile court in order for the juvenile court to obtain jurisdiction over him, because the case "remains pending" in the juvenile court when jurisdiction is improperly waived. *See id.* (internal quotation omitted).

For the foregoing reasons, we sustain Arango's sole issue.

## Conclusion

We reverse the trial court's order denying a pretrial writ of habeas corpus in

appeal number 01–06–00607–CR and render judgment granting the writ of habeas corpus, setting aside the juvenile court's transfer order, and dismissing the indictment in cause number 1133642. We remand this case to the juvenile court for further proceedings consistent with this opinion. The case remains "pending in the juvenile court" where "at least one legislatively provided alternative would seem to be for the juvenile court to conduct a new transfer hearing and enter another order transferring [Arango] to the jurisdiction of the criminal court, assuming that the State can satisfy the criteria under Section 54.02(j) of the Juvenile Justice Code" or another applicable section. *Id.* at 52 n.90; *see* Tex. Fam. Code § 54.02(j).[4]

4. Arango filed a pretrial "Motion to Set Aside Indictment, Certification, and Transfer Order and Dismiss Case for Want of Jurisdiction" in cause number 1133642 urging identical arguments to his pretrial application for writ of habeas corpus. The trial court denied that motion at the same time that it denied habeas relief. Arango filed appeals from both orders. Because we have resolved his complaints in the appeal from the denial of Arango's habeas application, we dismiss appeal number 01–16–00630–CR and any motions pending therein as moot.