

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00806-CR

Jose Pedro **GALLEGOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2018-CRC-000955-D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: September 11, 2019

AFFIRMED

Jose Pedro Gallegos appeals the trial court's order denying his pretrial writ of habeas corpus. Gallegos asserts the trial court erred in denying the writ because the face of the indictment shows the prosecution is barred by limitations. We affirm the trial court's order.

### BACKGROUND

On July 25, 2018, an indictment was presented charging Gallegos with three counts of intoxication manslaughter alleged to have occurred on or about December 12, 2014. On September 12, 2018, Gallegos filed a pretrial writ of habeas corpus asserting the indictment was

presented after the three-year statute of limitations for the charged offenses which barred the State from prosecuting the offenses. On September 24, 2018, the trial court denied the writ. Gallegos appeals.

## STANDARD OF REVIEW

A pretrial writ of habeas corpus may be used "to challenge the jurisdiction of the court if the face of the indictment shows that any prosecution is barred by the statute of limitations." *Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005). Typically, we review a trial court's ruling on a pretrial writ of habeas corpus under an abuse of discretion standard. *Ex parte Arango*, 518 S.W.3d 916, 923–24 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). The issue presented in this appeal, however, is an issue of statutory construction.

"Statutory construction is a question of law, which we review *de novo*." *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019), *cert. denied*, 139 S. Ct. 2749 (2019). "When construing statutes, we 'seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation.'" *Id*. (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). "We first look to the statute to determine if its language is plain." *Id*. If the language of the statute is plain, we give effect to that language without resort to extra-textual sources unless the language is ambiguous or leads to absurd results the legislature could not have possibly intended. *Id*.; *Cary v. State*, 507 S.W.3d 750, 756 (Tex. Crim. App. 2016). Therefore, "[o]ur analysis begins with the plain statutory language read in the context of the statute as a whole." *Phillips v. State*, 401 S.W.3d 282, 292 (Tex. App.—San Antonio 2013, pet. ref'd).

## DISCUSSION

Gallegos argues intoxication manslaughter is governed by the three-year catch-all limitations period for "other" felonies contained in article 12.01(7) of the Texas Code of Criminal Procedure because intoxication manslaughter is not specifically referenced in the other limitations

provisions contained in article 12.01(1)-(6).  The State responds article 12.01(1)(A) specifically provides no limitations period applies to the offense of manslaughter, which includes intoxication manslaughter.  *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(A) (providing no limitation applies to "murder and manslaughter").  We agree with the State.

First, we are persuaded by the Texas Court of Criminal Appeals' analysis in *Demouchette v. State*, 731 S.W.2d 76 (Tex. Crim. App. 1986) (en banc).  In that case, the appellant asserted "the trial court erred in overruling his plea in bar of prosecution based on the statute of limitations."  *Id.* at 80.  Specifically, the appellant argued capital murder was subject to the three-year catch-all limitations period for felonies because the offense of capital murder "is distinct from murder for purposes of limitations" and "capital murder appears by name nowhere else in the limitation statute."  *Id.*  The court rejected the argument, asserting "Capital murder is a species of murder and as such is provided for by Article 12.01(1)."  *Id.*; *see also Thomas v. State*, No. AP-77,052, 2018 WL 739093, at *15 n.13 (Tex. Crim. App. Feb. 7, 2018) (not designated for publication) (applying holding in *Demouchette*).  Just like "capital murder is a species of murder," intoxication manslaughter is a species of manslaughter "and as such is provided for by Article 12.01(1)."  *See Demouchette*, 731 S.W.2d at 80; *cf. Ervin v. State*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999) (holding "manslaughter and intoxication manslaughter are the same offense for double jeopardy purposes when they involve the same victim").

In addition, reading the plain language of article 12.01(1) as a whole, article 12.01(1)(F) provides that no limitation applies to "an offense involving leaving the scene of an accident under Section 550.021, Transportation Code, if the accident resulted in the death of a person."  *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(F).  In pertinent part, section 550.021(a) of the Texas Transportation Code requires an "operator of a vehicle involved in an accident that results or is reasonably likely to result in injury to or death of a person" to immediately stop the vehicle at the

scene of the accident and remain at the scene of the accident until the operator gives the information and renders the aid required by section 550.023 of the Code. TEX. TRANSP. CODE ANN. §§ 550.021(a), 550.023. If the operator of a vehicle does not comply with the requirements of section 550.021, and the accident results in the death of a person, the operator commits a felony of the second degree. *Id*. § 550.021(c)(1)(A). A person commits the second degree felony offense of intoxication manslaughter if the person operates a motor vehicle in a public place, is intoxicated, and causes the death of another by reason of that intoxication. TEX. PENAL CODE ANN. § 49.08. The legislature's inclusion of the offense of leaving the scene of an accident resulting in the death of a person among the offenses listed in article 12.01(1) further convinces us that the legislature intended for intoxication manslaughter to be included in article 12.01(1)(A) as a species of manslaughter.

We acknowledge "statutes of limitation are to be construed liberally in favor of the defendant." *Gallardo v. State*, 768 S.W.2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd). However, our primary duty in construing statutes is to effectuate the legislature's intent. *Oliva v. State*, 548 S.W.3d 518, 525 (Tex. Crim. App. 2018); *Sims*, 569 S.W.3d at 640. And, in construing article 12.01(1)(A), we are bound by its unambiguous plain language when "read in the context of the statute as a whole." *See Phillips*, 401 S.W.3d at 292. Accordingly, we hold intoxication manslaughter is encompassed within the term manslaughter in article 12.01(1)(A) and is subject to no limitations period.

## CONCLUSION

The trial court's order is affirmed.

Irene Rios, Justice

DO NOT PUBLISH