**Opinion issued December 23, 2021**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-18-00346-CR**

—————————————

## EX PARTE ARELIUS ALPHONSA MCGREGOR, Appellant

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1570410-A**

### MEMORANDUM OPINION

Appellant, Arelius Alphonsa McGregor, challenges the trial court's order denying his pretrial application for writ of habeas corpus.[1]  In his sole issue, appellant contends that the trial court erred in denying him habeas relief.

We affirm.

---

[1]     *See* TEX. R. APP. P. 31.

## Background

On November 11, 2017, the State charged appellant with the felony offense of unlawful disclosure of intimate visual materials prohibited by Texas Penal Code section 21.16(b), commonly known as the "revenge porn" statute.[2]  Later, a Harris County Grand Jury issued a true bill of indictment, alleging that appellant on or about October 12, 2017,

> unlawfully, intentionally disclose[d] visual material, namely, a film, which depicted [the complainant], engaged in sexual conduct, and said visual material was created under circumstances in which the [c]omplainant had a reasonable expectation that said visual material would remain private, and the disclosure of said visual material cause[d] harm to the [c]omplainant, namely by causing public embarrassment, and the disclosure of said visual material revealed the identity of the [c]omplainant, namely by showing the face of the complainant in the film and posting the film to the complainant's social media page.[3]

(Emphasis omitted.)

Appellant filed a pretrial application for writ of habeas corpus, arguing that Texas Penal Code section 21.16(b) is unconstitutional under the First Amendment to the United States Constitution because it is facially overbroad and vague in violation of the right to free speech.  The trial court denied appellant's requested habeas relief.

---

[2]     *See* TEX. PENAL CODE ANN. § 21.16(b).

[3]     *See id.*

Appellant timely filed a notice of appeal from the trial court's denial of his pretrial habeas application. In the sole issue raised in his appellant's brief, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 21.16(b) is unconstitutional as it violates the First Amendment to the United States Constitution. Appellant noted in his appellant's brief that his sole issue on appeal—whether section 21.16(b) was unconstitutional under the First Amendment—was pending in several of our sister appellate courts. Subsequently, in one such case from the Tyler Court of Appeals, the Court of Criminal Appeals granted a petition for review to consider the issue.[4]

Accordingly, on August 28, 2018, we abated this appeal pending the Court of Criminal Appeals' consideration of the constitutionality of section 21.16(b).[5] In our August 28, 2018 abatement order, we noted that the appeal would be reinstated after the Court of Criminal Appeals issued an opinion or upon a motion to reinstate by either party.

On May 26, 2021, the Court of Criminal Appeals issued an opinion in *Ex parte Jones*, No. PD-0552-18, 2021 WL 2126172 (Tex. Crim. App. May 26, 2021) (not

---

[4] *See Ex parte Jones*, No. PD-0552-18, 2021 WL 2126172, at *1–17 (Tex. Crim. App. May 26, 2021) (not designated for publication).

[5] *See id.*; *see also In re Marriage of A.L.F.L.*, No. 04-14-00346-CV, 2014 WL 4357457, at *1 (Tex. App.—San Antonio Aug. 13, 2014, corrected order) (appellate court granted appellant's motion to abate appeal pending Texas Supreme Court's resolution of similar issue).

designated for publication). In its opinion, the Court of Criminal Appeals held that Texas Penal Code section 21.16(b), when "properly construed, is not overbroad."[6] Further, the Court of Criminal Appeals concluded that while section 21.16(b) acts as "content-based restriction," it does not violate the First Amendment's right to free speech, because it is "narrowly tailored to serve a compelling governmental interest, namely, protecting sexual privacy."[7]

Thus, the Court of Criminal Appeals held that Texas Penal Code section 21.16(b) was not unconstitutional and did not violate the First Amendment to the United States Constitution.[8] After the Court of Criminal Appeals issued its opinion in *Ex parte Jones*, the State filed a motion to reinstate this appeal.

### Standard of Review

A pretrial writ of habeas corpus is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *see also Ex parte Arango*, 518 S.W.3d 916, 923 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (proper use of pretrial habeas relief is where "conservation of judicial resources would be better served by interlocutory review" (internal quotations and citation omitted)). "Pretrial habeas

---

[6] *See Ex parte Jones*, 2021 WL 2126172, at *17.

[7] *See id.*

[8] *See id.* at *1, *17.

4

can be used to bring a facial challenge to the constitutionality of the statute that defines the offense." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010).

The constitutionality of a statute is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). Further, when the constitutionality of a statute is contested, we presume the statute is legal and that the legislature did not act unreasonably or arbitrarily. *Lawson v. State*, 283 S.W.3d 438, 440 (Tex. App.—Fort Worth, pet. ref'd 2009). The burden of proof typically rests upon the person challenging the statute to establish its unconstitutionality. *See id.* In the absence of contrary evidence, we assume that the legislature operated in a constitutionally sound manner. *See id.* Unless the contrary is shown, we strive to interpret a statute in a way that preserves and upholds its constitutionality. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015).

As a result, the states have authority under the federal constitution to narrowly interpret a statute in order to prevent a constitutional violation. *See Ex parte Thompson*, 442 S.W.3d 325, 339 (Tex. Crim. App. 2014). However, "a narrowing construction should be employed only if the statute is readily susceptible to one." *Id.* We are under no obligation to rewrite a statute that is not easily narrowed because doing so would be a severe infringement of the legislative domain and would significantly reduce the legislature's incentive to adopt a narrowly construed statute in the first place. *See id.* This statement runs parallel with our long-standing practice

5

of applying the plain meaning of a statute unless the language is so obscure or the plain interpretation produces irrational results that the legislature did not intend. *See id.* at 339–40.

## Section 21.16(b)

In his sole issue, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 21.16(b) is unconstitutional as it violates the First Amendment to the United States Constitution.

Appellant was charged under the 2017 version of Texas Penal Code section 21.16(b), which provided that:

(b) A person commits an offense if:

(1) without the effective consent of the depicted person, the person intentionally discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct;

(2) the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private;

(3) the disclosure of the visual material causes harm to the depicted person; and

(4) the disclosure of the visual material reveals the identity of the depicted person in any manner, including through:

(A) any accompanying or subsequent information or material related to the visual material; or

(B) information or material provided by a third party in response to the disclosure of the visual material.

TEX. PENAL CODE ANN. § 21.16(b).

Section 21.16 defines "intimate parts" as "the naked genitals, pubic area, anus, buttocks, or female nipple of a person." *Id.* § 21.16(a)(1). And "sexual conduct" is defined as "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse." *Id.* § 21.16(a)(3). Further, "visual material" includes "any film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, or photograph, videotape, negative, or slide" or "any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method." *Id.* § 21.16(a)(5).

Appellant argues that section 21.16(b) is facially overbroad under the First Amendment because it is a content-based restriction on speech that "restricts a real and substantial amount of protected speech." Thus, according to appellant, section 21.16(b) fails a strict-scrutiny analysis.

The First Amendment to the United States Constitution protects, among other things, the freedom of speech. *See* U.S. CONST. amend. I ("Congress shall make no law . . . abridging the freedom of speech."). The First Amendment's right to free speech applies to the states by virtue of the Fourteenth Amendment. *See* U.S. CONST. amends. I, XIV; *W. Va. Bd. of Educ. v. Barnette*, 319 U.S. 624, 638–39 (1943). The

First Amendment generally prohibits laws that "restrict expression because of its message, its ideas, its subject matter, or its content." *See Ashcroft v. Am. Civil Liberties Union*, 535 U.S. 564, 573 (2002). Such laws are content based and presumptively invalid. *Ex parte Thompson*, 442 S.W.3d at 348.

As noted above, the Court of Criminal Appeals recently, in *Ex parte Jones*, addressed appellant's sole issue in this appeal—whether Texas Penal Code section 21.16(b) is unconstitutional because it violates the First Amendment. In its opinion, the Court of Criminal Appeals concluded that section 21.16(b), when "[p]roperly construed, . . . does not violate the First Amendment."[9] *See Ex parte Jones*, 2021 WL 2126172, at *1. However, although the Court of Criminal Appeals' opinion in *Ex parte Jones* unambiguously resolves appellant's sole issue in this appeal, the opinion is unpublished, and as such, has "no precedential value and must not be cited as authority by counsel or by a court." *See* TEX. R. APP. P. 77.3; *see also Turner v. State*, 443 S.W.3d 328, 333 n.2 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (refusing to consider unpublished Court of Criminal Appeals' opinion relied on by appellant because it "ha[d] no precedential value" pursuant to rule 77.3's directive).

---

[9] While the decision of the Court of Criminal Appeals was unanimous, we note that Justice Yeary filed a concurring opinion, and the presiding justice concurred in the opinion, without a separate writing. *See Ex parte Jones*, 625 S.W.3d 118 (Tex. Crim. App. 2021) (Yeary, J., concurring).

This Court has previously encountered this conundrum with respect to the application of the Court of Criminal Appeals' holding in *Ex parte Jones*. *See Ex parte Mora*, Nos. 01-17-00661-CR, 01-17-00662-CR, --- S.W.3d ---, 2021 WL 3159805, at *1–2 (Tex. App.—Houston [1st Dist.] July 27, 2021, pet. ref'd). In that case, we discussed an exception to Texas Rule of Appellate Procedure 77.3, which allows us to cite to, and rely on, unpublished opinions of the Court of Criminal Appeals "for the limited purpose of showing how the Court has interpreted constitutional law." *See id.* at *1; *see also Alford v. State*, 358 S.W.3d 647, 657 n.21 (Tex. Crim. App. 2012) (citing unpublished opinions to demonstrate how Court of Criminal Appeals has interpreted and applied constitutional law).

In *Ex parte Jones*, the Court of Criminal Appeals decided an issue of constitutional law and specifically held that Texas Penal Code section 21.16(b) does not run afoul of the First Amendment. *See Ex parte Jones*, 2021 WL 2126172, at *1. While *Ex parte Jones* is not necessarily binding authority on this Court, "as a practical matter its reasoning calls for the same result in this materially indistinguishable appeal." *See Ex parte Mora*, 2021 WL 3159805, at *2. We therefore adopt the reasoning of the Court of Criminal Appeals in *Ex parte Jones* and hold that section 21.16(b) does not violate the First Amendment to the United States Constitution. *See Ex parte Jones*, 2021 WL 2126172, at *1, *17.

Accordingly, we further hold that the trial court did not err in denying appellant habeas relief.

## Conclusion

We grant the State's motion to reinstate the appeal and affirm the order of the trial court.

Amparo Guerra
Justice

Panel consists of Justices Hightower, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).