**Opinion issued December 23, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-25-00510-CV
_____

## IN RE MATTER OF S.L.B.

---

**On Appeal from the County Court**
**Chambers County, Texas**
**Trial Court Case No. J00899**

---

## MEMORANDUM OPINION

This is an appeal from the juvenile court's order under section 54.02(j) of the Family Code. The juvenile court waived its exclusive original jurisdiction and transferred SLB to criminal district court for criminal proceedings after his 18th birthday.

Seeking reversal, SLB asserts jurisdictional and merits arguments. First, on jurisdiction, he asserts that the juvenile court lacked the jurisdiction to enter the transfer order because, he argues, the judge was not statutorily authorized to preside over the transfer proceeding and the record does not reflect that SLB was served with a copy of the transfer petition. But an application of the law to the record here refutes his arguments.

Second, on the merits, SLB argues that the evidence is insufficient to show that, for reasons beyond the state's control, it was not practicable to proceed in the juvenile court before his 18th birthday. On the same basis, SLB argues the juvenile court erred in denying his pretrial application for a writ of habeas corpus.

On this record, however, the evidence is legally and factually sufficient to support the juvenile court's finding of impracticability. Therefore, the juvenile court did not abuse its discretion by waiving its jurisdiction and transferring SLB to the criminal district court. And SLB's challenge to the denial of habeas relief is predicated on the same position concerning the insufficiency of the evidence as to impracticability, so we likewise reject his appellate challenge to the juvenile court's denial of his pretrial habeas application.

We affirm the juvenile court's transfer order.

**I.    The juvenile court judge was statutorily authorized to preside over this proceeding and therefore had jurisdiction to enter the transfer order.**

SLB first argues that the juvenile court lacked subject-matter jurisdiction to transfer him to a criminal court because the juvenile court judge is not a licensed attorney. SLB is correct that the judge is not a licensed attorney. But the applicable statutes do not mandate that the judge be a licensed attorney. And SLB did not object to proceeding before this judge or otherwise request to proceed in an alternate court.

The Family Code provides that if the judge of a court designated as a juvenile court is presided over by a judge who "is not an attorney licensed in this state, there shall also be designated an alternate court, the judge of which is an attorney licensed in this state." TEX. FAM. CODE § 51.04(d).

Under the applicable provisions, juvenile proceedings before a judge who is not a licensed attorney are not void. Rather, the Code recognizes that such judges may preside over juvenile-court proceedings that result in specified appealable orders, including orders to transfer to a district court or a criminal district court for criminal proceedings. *See id.* § 51.18(b) ("On any matter that may lead to an order appealable under Section 56.01 of this code, a child may be tried before either the juvenile court or the alternate juvenile court."); *id.* § 56.01(c)(1)(A) (transfer orders for prosecution as an adult under section 54.02 of Family Code appealable).

Even so, SLB argues that he had a right to proceed in the alternate court before a judge who is a licensed attorney—absent an affirmative waiver of this right.

3

Because he did not affirmatively waive this right, SLB asserts the transfer order is void. In so arguing, he relies on a Family Code provision specifying that a child's juvenile justice rights may only be waived in writing or on the record in open court. *See id.* § 51.09(4).

But a different provision of the Family Code directly governs the juvenile's ability to proceed in the alternate court before a judge who is a licensed attorney. That provision states a juvenile "may elect to be tried before the alternate juvenile court *only* if the child files a written notice with that court not later than 10 days before the date of the trial." *Id.* § 51.18(c) (emphasis added). If the child does not make this written election, he "may be tried only in the juvenile court." *Id.*

The terms of this provision directly apply and are clear: without a written election to proceed before the alternate court, the juvenile proceeds before the original (unlicensed) judge. *Id.*

Here, the record is clear that SLB did not file a written election to proceed in the alternate court before a judge who is a licensed attorney. His failure to do so precludes his argument here.

Finally, the waiver provision on which SLB relies is not to the contrary. It expressly states that it gives way when "a contrary intent clearly appears elsewhere in this title." *Id.* § 51.09. Here, the directly applicable plain terms make clear that, in

4

this instance, SLB had to file a written election if he wanted to proceed before the alternate court.

We overrule SLB's first appellate issue.

## II. The juvenile court also did not fail to obtain jurisdiction over SLB due to defective service of process; under precedent, the record evidences service.

SLB next argues the juvenile court did not obtain jurisdiction over him because the record does not show the petition to transfer was served on him. On this record, and applying our Court's precedent, we disagree.

The Family Code requires the juvenile court to issue a summons to the child named in the petition to transfer. *Id.* § 53.06(a)(1). The summons must require the child to appear to answer the petition's allegations, and "the petition must accompany the summons." *Id.* § 53.06(b). The child cannot waive these service requirements by stipulation or appearance. *Id.* § 53.06(e). The juvenile court has no jurisdiction to transfer unless these service requirements are satisfied. *See id.* § 54.02(b); *In re S.G.R.*, 496 S.W.3d 235, 239 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Here, the summons required SLB to appear to answer the petition and show why he should not be transferred to the criminal court. Among other things, the summons says that the state "alleges the facts set out in the petition attached hereto and which is made a part hereof." The return of service states that the summons was

5

served on SLB, and it provides the specific date and time at which service was made on him.

SLB asserts this evidence of service is not enough because it does not establish that he actually received the petition. But our Court's precedent says otherwise.

Under precedent, sufficient evidence of service of the petition exists when, as here, the summons is in the record, the summons states it was accompanied by the petition, the return of service is in the record, and the return states the summons was served on the child. *See In re S.G.R.*, 496 S.W.3d at 239–40 (summonses and returns were in the record; summonses "indicate that they were accompanied by the petition"; evidence showed satisfaction of petition and notice requirements to establish jurisdiction to transfer); *In re S.D.H.*, No. 01-96-00732-CV, 1997 WL 81173, at *2 (Tex. App.—Houston [1st Dist.] Feb. 27, 1997, no writ) (not designated for publication) (summons incorporated petition by reference and return showed service of summons; proof of service of petition adequate even though return did not also state petition was served); *see also In re J.I.A.*, No. 01-12-00791-CV, 2013 WL 6670849, at *2 (Tex. App.—Houston [1st Dist.] Dec. 17, 2013, no pet.) (Family Code "does not require that the summons or the return expressly state that a copy of the petition was delivered" but record must indicate service of petition).

SLB relies on a decision from our sister court in support of his position—*In re J.M.*, 699 S.W.3d 685 (Tex. App.—Houston [14th Dist.] 2024, no pet.). But not

only are we bound by precedent from our Court, our sister court's decision is distinguishable. There, the court of appeals held the record did not show service of the summons or petition to transfer because, even though the summons stated the petition accompanied it, the return of service merely stated that a subpoena, not the summons, was served. *Id.* at 687–90. If, as there, the return does not show service of the summons, then a summons' recitation that the petition is attached cannot establish that the child received the required copy of the petition. But those are not the facts before us.

We overrule SLB's second appellate issue.

## III. Sufficient evidence supports the juvenile court's finding that it was not practicable to proceed in juvenile court before SLB's 18th birthday.

SLB argues that the evidence is legally and factually insufficient to support the juvenile court's finding that, for reasons beyond the state's control, it was impracticable to proceed in the juvenile court before SLB's 18th birthday. But the evidence suffices to support the juvenile court's finding, and the juvenile court did not abuse its discretion in transferring SLB to the criminal district court.

### A. Standard of review

A party may challenge the legal and factual sufficiency of the evidence supporting the juvenile court's findings of fact concerning its transfer decision. *In re H.Y.*, 512 S.W.3d 467, 478–79 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

In a legal-sufficiency review, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable factfinder could not do so. *Id.* at 479. In general, the evidence is legally insufficient to support the challenged finding when less than a scintilla of evidence supports the finding. *See id.*

In a factual-sufficiency review, we consider all the evidence. *Id.* The evidence is factually insufficient to support a finding if the finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Id.*

If legally and factually sufficient evidence supports the challenged findings, we review the juvenile court's ultimate transfer decision for abuse of discretion. *Id.*

## B.    Applicable law

Once a person accused of delinquent conduct becomes 18 years of age, a juvenile court can waive its exclusive original jurisdiction and transfer the person to district court or criminal district court for criminal proceedings only if certain statutory criteria are satisfied. *See* FAM. § 54.02(j). As relevant here, the court was required, among other things, to find by a preponderance of the evidence that "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person." *Id.* § 54.02(j)(4)(A).

"Practicable" is not statutorily defined. Applying its ordinary meaning, our Supreme Court has stated that "practicable" means "reasonably capable of being accomplished; feasible in a particular situation." *In re J.J.T.*, 711 S.W.3d 687, 697

& n.29 (Tex. 2025) (quoting *Practicable*, BLACK'S LAW DICTIONARY (11th ed. 2019)).

Decisions about practicability are "highly fact-specific." *Id.* at 697. The proper inquiry under section 54.02(j)(4)(A) is not simply whether any period of time existed in which the state could have proceeded in the juvenile court before the person became 18 years of age; in an evaluation of practicability, "[r]easons for delay beyond the state's control may overcome delays attributable to the state." *Id.*; *see, e.g.*, *In re H.M.-L.*, No. 01-24-00885-CV, 2025 WL 1335321, at *5–8 (Tex. App.—Houston [1st Dist.] May 8, 2025, pet. denied) (upholding impracticability finding though part of the delay—five-and-a half months—was attributable to the state).

**C.      Analysis**

**1.      On this record, the evidence is legally and factually sufficient.**

SLB allegedly murdered his grandparents on October 18, 2016. Eight days later, the state filed its initial petition to transfer SLB to the criminal district court. SLB was then 14 years of age.

About three years and nine-and-a-half months after the murders, SLB had his 18th birthday.

The question on review is whether the evidence is legally and factually sufficient to support the juvenile court's finding that, for reasons beyond the control

of the state, it was not practicable to proceed in the juvenile court before SLB became 18 years old. *See* FAM. § 54.02(j)(4)(A). On this record, the answer is yes.

The record contains evidence that SLB's fitness to proceed was in doubt during this time period. In general, when a child's fitness to proceed is in doubt, the juvenile court cannot transfer him to the district court or criminal district court for criminal proceedings. *See id.* § 55.31(a)–(b) (child who "lacks capacity to understand the proceedings in juvenile court or to assist in the child's own defense is unfit to proceed and shall not be subjected to discretionary transfer to criminal court, adjudication, disposition, or modification of disposition as long as such incapacity endures"; on motion, juvenile court "shall determine whether probable cause exists to believe that a child . . . is unfit to proceed" due to mental illness or intellectual disability).

About two weeks after the state filed its initial petition to transfer SLB to the criminal district court, SLB filed a suggestion of incompetency and moved for a psychiatric examination. About a week afterward, the juvenile court granted SLB's motion. And two weeks after that, on December 1, 2016, the state filed an agreed motion for continuance pending the results of SLB's psychiatric evaluation.

From then onward, SLB's fitness to proceed remained disputed through his 18th birthday (and beyond). The record shows the following as to this dispute:

10

| | |
|---|---|
| Jan. 20, 2017 | SLB is evaluated by the psychiatrist selected by his counsel (Mitchell Alan Young, M.D.). |
| Jan. 28, 2017 | SLB is again evaluated by the psychiatrist selected by his counsel (Mitchell Alan Young, M.D.). |
| May 10, 2017 | The psychiatrist selected by SLB's counsel (Mitchell Alan Young, M.D.) submits his report to the juvenile court in which the psychiatrist opines that SLB is unfit to proceed. |
| June 27, 2017 | SLB moves for a continuance to allow the psychiatrist selected by his counsel (Mitchell Alan Young, M.D.) to evaluate evidence newly turned over by the state. |
| June 29, 2017 | The juvenile court grants SLB's requested continuance, rescheduling the next hearing for late September. |
| Sept. 26, 2017 | SLB moves for a continuance to allow the psychiatrist selected by his counsel (Mitchell Alan Young, M.D.) to evaluate a supplemental report made by state's expert (and due to Harvey-related flood damage to counsel's home). |
| Oct. 3, 2017 | The juvenile court grants SLB's requested continuance, rescheduling the next hearing until later in October. |
| Dec. 20, 2017 | The juvenile court signs orders declaring SLB incompetent, finding him unfit to proceed, and ordering SLB committed to North Texas State Hospital for up to 120 days. |
| Jan. 12, 2018 | The juvenile court signs an amended order finding SLB unfit to proceed and altering commitment to up to 90 days. |
| Jan. 30, 2018 | SLB is admitted to North Texas State Hospital. |
| Mar. 30, 2018 | SLB is discharged from North Texas State Hospital. |
| Apr. 5, 2018 | The North Texas State Hospital psychologist who evaluated SLB (Stacey L. Shipley, Psy.D.) submits her report to the juvenile court in which she opines that SLB is fit to proceed. |

| | |
|---|---|
| May 31, 2018 | SLB moves for a continuance to allow the psychiatrist selected by his counsel (Mitchell Alan Young, M.D.) to evaluate North Texas State Hospital records. |
| June 1, 2018 | The juvenile court grants SLB's requested continuance, rescheduling the next hearing for mid-August. |
| Oct. 16, 2018 | The psychiatrist selected by SLB's counsel (Mitchell Alan Young, M.D.) forwards to counsel his updated report, in which he essentially opines that SLB is unfit to proceed. |
| Nov. 2, 2018 | SLB moves for funding to have a neurological examination performed (by M. Athari, M.D., P.A.). |
| Nov. 2, 2018 | The juvenile court grants SLB's motion for funding. |
| Nov. 28, 2018 | SLB has a neurological consultation, including an electroencephalogram (with M. Athari, M.D., P.A.). |
| Feb. 22, 2019 | SLB moves for additional funding for further neurological examination (to be performed at CHI St. Luke's Health Baylor College of Medicine Medical Center). |
| Feb. 22, 2019 | The juvenile court grants SLB's motion for additional funding. |
| Oct. 8, 2019 | The state moves for a new evaluation of SLB's fitness to proceed by a psychologist (Terrence J. Naus, Psy.D.). |
| Oct. 8, 2019 | The juvenile court grants the state's motion for a new evaluation of SLB's fitness to proceed. |
| Oct. 31, 2019 | The state's psychologist (Terrence J. Naus, Psy.D.) completes his report, opining that SLB is fit to proceed. |
| Feb. 20, 2020 | The psychiatrist selected by SLB's counsel (Mitchell Alan Young, M.D.) forwards to counsel his updated report, in which he essentially opines that SLB is unfit to proceed. [1] |

---

[1]   Though the parties do not place much emphasis on the subject, we note that less than a month after Dr. Young updated his report, the Texas Supreme Court issued its First Emergency Order Regarding the Covid-19 State of Disaster. *See* 596 S.W.3d 265 (Tex. 2020).

| Aug. 1, 2020 | SLB has his 18th birthday. |

In short, the record shows that the parties continued to dispute SLB's fitness in the period before he became 18 years of age. This dispute continued even after SLB's 18th birthday and the state's amended petition to transfer SLB to the criminal district court. Indeed, in January of 2022, the juvenile court again found SLB unfit to proceed and ordered that he be committed to North State Texas Hospital a second time.

Thus, the record contains more than a scintilla of evidence supporting the juvenile court's finding that it was not practicable to proceed in the juvenile court before SLB's 18th birthday, given the ongoing dispute as to SLB's fitness to proceed. Viewing all the evidence through SLB's 18th birthday, the juvenile court's finding of impracticability is not so against the great weight and preponderance of the evidence as to make it clearly wrong or unjust. Hence, the evidence is legally and factually sufficient to support the challenged finding.

### 2. SLB's arguments do not affect the sufficiency of the evidence.

SLB argues that some of the delay before SLB's 18th birthday is attributable to the state and that these periods of delay preclude a finding of impracticability. Specifically, SLB maintains that when Stacey L. Shipley, Psy.D., and Terrence J. Naus, Psy.D., issued their respective findings that SLB was fit to proceed, he was fit to proceed as matter of law due to defense counsel's failure to file objections to their

13

findings, and that the proceedings in the juvenile court were no longer impracticable for some period of time thereafter.[2]

As an initial matter, SLB's position is based on a misreading of the statutory scheme. The Family Code provides that if a report "states that a child is fit to proceed, the juvenile court shall find that the child is fit to proceed unless the child's attorney objects in writing or in open court not later than the second day after the date the attorney receives a copy of the report." FAM. § 55.36(a). Based on this provision, SLB reasons that he was fit to proceed (for some time period) at two different points in time before his 18th birthday, which made proceedings in the juvenile court practicable and obliged the state to move forward then with its petition to transfer him.

But the Family Code does not state that, when the defense fails to timely object, there is automatically a finding of fitness. Rather, the statute directs the juvenile court *to make a finding of fitness* absent an objection ("shall find"). *See id.* And here, the juvenile court did not make a finding of fitness, and no one challenges its failure to do so on appeal.[3] This record reflects that the juvenile court allowed the parties to continue disputing SLB's fitness after Shipley and Naus made their

---

[2]  SLB argued in the juvenile court that it had been practicable to proceed for 55 days after Shipley's report (until SLB's counsel sought reexamination of SLB's fitness to proceed), and for 270 days after Naus's report (until SLB's 18th birthday).

[3]  Nor did either party object to the failure to make this finding in the juvenile court.

reports. At no time before SLB's 18th birthday did the juvenile court find SLB fit to proceed. Instead, the parties continued to dispute SLB's fitness to proceed long after his 18th birthday.

In any event, even if we assumed for argument's sake that SLB is correct in attributing some periods of delay before his 18th birthday to the state, this does not alone offer grounds to reverse here. Heeding our Supreme Court's instruction that reasons for delay beyond the state's control may overcome delays attributable to the state, our Court recently upheld a juvenile court's impracticability finding even though roughly a quarter of the time that elapsed before the child's 18th birthday could be attributed to the state. *See In re H.M.-L.*, 2025 WL 1335321, at *6–8 (five-and-a-half months of approximately two-year period attributable to state). So too here. The record in this case is comparable, as SLB argues that the state was responsible for less than a year of delay in the four or so years between the date of the murders and his 18th birthday. Our precedent applies.

\* \* \*

For the reasons explained, legally and factually sufficient evidence supports the juvenile court's finding of impracticability of proceeding in juvenile court beforehand. Moreover, given the parties' prolonged dispute about SLB's fitness to proceed, which continued up to and after SLB's 18th birthday, the juvenile court did not abuse its discretion in transferring him to the criminal district court. *See In re*

*H.Y.*, 512 S.W.3d at 483 (juvenile court did not abuse discretion, given that child asserted only evidentiary sufficiency challenges, which court of appeals rejected); *see, e.g.*, *In re H.M.-L.*, 2025 WL 1335321, at \*8 (no abuse of discretion in transferring juvenile to criminal court after his 18th birthday, given evidence in record and findings).

We overrule SLB's third appellate issue.

## IV. The juvenile court did not err in denying SLB's habeas application.

Finally, SLB applied for a pretrial writ of habeas corpus in the juvenile court, and he argues that the juvenile court erred in denying his application. We disagree.

We review a juvenile court's ruling on an application for a pretrial writ of habeas corpus for an abuse of discretion. *See Ex parte Arango*, 518 S.W.3d 916, 923 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Under this standard, we view the facts in the light most favorable to the juvenile court's ruling. *See id.* at 924.

SLB asserts the dispositive issue is "one of pure law," arguing that his detention was illegal because, as a matter of law, the state failed to prove that, for reasons beyond its control, it was not practicable to proceed in the juvenile court before his 18th birthday, as required by section 54.02(j)(4)(A) of the Family Code.

But we have already rejected SLB's position on impracticability by holding that legally and factually sufficient evidence supports the juvenile court's impracticability finding and that the juvenile court likewise did not abuse its

16

discretion in waiving its exclusive original jurisdiction and transferring SLB to the criminal district court for criminal proceedings. For the same reasons, we hold the juvenile court did not abuse its discretion in denying SLB's pretrial habeas application.

We overrule SLB's fourth appellate issue.

## CONCLUSION

We affirm the juvenile court's order waiving its exclusive original jurisdiction and transferring SLB to the criminal district court for criminal proceedings.


Jennifer Caughey
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.